IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 23 2011
J. T. NOBLIN, CLERK
BY_____ DEPUTY

DANIEL B. O'FALLON, )
individually and on behalf of )
all others similarly situated, )
)
    Plaintiffs, )
)
vs. ) CIVIL ACTION NO. 2:11cv36-KS-MTP
)
ENCORE RECEIVABLE )
MANAGEMENT, INC. and )
DISCOVER FINANCIAL SERVICES, )
L.L.C., a/k/a DFS SERVICES, L.L.C., )
)
    Defendants. )

## CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Daniel B. O'Fallon ("O'Fallon") files this Complaint pursuant to Fed.R.Civ.P. 23, individually and on behalf of all others similarly situated against Encore Receivable Management, Inc. ("Encore") and Discover Financial Services, L.L.C., a/k/a DFS Services, L.L.C. ("Discover"), and alleges as follows:

### I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper under 28 U.S.C. § 1391(b) in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiff, Daniel B. O'Fallon, is a natural person residing in Lamar County, Hattiesburg, Mississippi, and is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3).

4.  Defendant, Encore Receivable Management, Inc., is a Kansas corporation engaged in the business of collecting debts in this state with its principal place of business located at Olathe, Kansas. The principal purpose of Defendant Encore is the collection of debts using the mails and telephone, and Defendant Encore regularly attempts to collect debts alleged to be due another.

5.  Defendant Encore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.  Defendant Discover Financial Services, L.L.C., a/k/a DFS Services, L.L.C., is a credit card company in this state with its principal place of business in Riverwoods, Illinois.

### IV. FACTUAL ALLEGATIONS

7.  Encore was acting as a "debt collector" with respect to the collection of a debt allegedly owed by Plaintiff O'Fallon.

8.  Plaintiff incurred a financial obligation to Discover that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9.  Sometime thereafter the debt was consigned, placed or otherwise transferred

from Defendant Discover to Defendant Encore for collection from Plaintiff O'Fallon.

10. On March 16, 2010, Defendant Encore mailed a dunning letter demanding payment of a debt in the amount of $14,687.41 allegedly due Discover Card. A copy is attached hereto as Exhibit A.

11. Exhibit A was received by Plaintiff Daniel B. O'Fallon at his residence in Hattiesburg, Mississippi.

Exhibit A was sent by Defendant Encore and received by Plaintiff O'Fallon after the state statute of limitations on the alleged debt had expired.

12. Attempting to collect a time-barred debt is a violation of the law of Mississippi. Miss. Code § 15-1-3.

13. Attempting to collect a debt in violation of state law is a violation of the FDCPA.

14. As a result of the acts alleged above, Plaintiff suffered headaches, nausea, embarrassment, pain, anxiety and emotional distress.

## V. FIRST CLAIM FOR RELIEF

### FDCPA

15. Plaintiff repeats and realleges and incorporates by reference paragraphs one through fifteen above.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692(n). Defendant violated this section of the FDCPA.
>
> (b) The Defendant violated 15 U.S.C. § 1692(n) by attempting to

collect a time-barred debt.

(c) The FDCPA states, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692(f). Defendant violated this section of the FDCPA.

(d) Defendant violated 15 U.S.C. §1692(f), by attempting to collect a time-barred debt.

17. As a result of the above violations of the FDCPA, Plaintiff seeks actual damages, statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

### Negligent Hiring, Training, Auditing and Supervision

18. Plaintiff repeats and realleges and incorporates by reference paragraphs one through seventeen above.

19. Defendant Discover was negligent in placing time-barred accounts with collectors for collection in the State of Mississippi.

20. Defendant Discover was directly responsible for the hiring, training, auditing and supervision of its collectors.

21. Defendant Discover failed to exercise reasonable care in the hiring, training, auditing and supervision of its collectors.

22. Defendant Encore was directly responsible for the hiring, training, auditing and supervision of its employees.

23. Defendant Encore failed to exercise reasonable care in the hiring, training, auditing and supervision of its employees.

24. Defendant Discover and Defendant Encore were negligent in the hiring training, auditing and supervision of personnel hired for the purpose of collecting funds from alleged debtors and consumers.

25. As a direct, proximate, and forseeable consequence of Discover placing time-barred accounts with collectors, and of negligently hiring, training, auditing and supervision, Defendant Discover and Defendant Encore have violated the FDCPA and caused Plaintiff O'Fallon pain, anxiety and mental suffering.

## VII. CLASS ALLEGATIONS

### Class Definition

26. Plaintiff brings this action on his own behalf and pursuant to Fed. R. Civ. P. Rule 23(b)(1)(A), (b)(2), and/or (b)(3), as a class action on behalf of a statewide class of persons as defined as:

> All persons in the State of Mississippi who received collection letters from Encore Receivable Management, Inc. after the statute of limitations had expired on the alleged debt that was the subject of said collection letters.

### Numerosity

27. The members of the class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Fed. R. Civ. P. Rule 23(a)(1) are met. Plaintiff does not know the exact number of class members, but is informed and believes that hundreds, if not thousands, of debtors have been sent collection notices by Defendant after the applicable statute of limitations had expired. The class is ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendant.

### Commonality

28. The questions of law and fact common to the class include, *inter alia*:

(a) whether the Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(n);

(b) whether Plaintiff and the Class have been injured by Defendants' conduct; and

(c) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

The requirements of Fed. R. Civ. P. Rule 23(a)(2) are met.

### Typicality

29. The claims of the representative Plaintiff are typical of the claims of the class as a whole. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief. Plaintiff is a member of the class and has suffered harm due to the unfair, deceptive, and unconscionable collection practices of Defendant. The requirements of Fed. R. Civ. P. Rule 23(a)(3) are met.

30. Plaintiff has no interests adverse or antagonistic to the interest of other members of the class.

### Adequate Representation

31. The representative Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto, pursuant to Fed. R. Civ. P. Rule 23(a)(4).

### Rule 23(b)(1)

32. The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their

interests.

33. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories would also create and allow to exist inconsistent and incompatible rights within the Plaintiff's case.

### Rule 23(b)(2)

34. The Defendant has acted or refused to act on grounds generally applicable to the entire class, thereby making appropriate relief with respect to the class as a whole.

### Rule 23(b)(3)

35. The questions of law and fact common to members of the class and sub-classes predominate over any questions affecting only individual members.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake. Therefore, certification under Fed. R. Civ. P. Rule 23(b)(3) is appropriate.

WHEREFORE, Plaintiff O'Fallon respectfully prays that judgment be entered against the Defendant Encore for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692(k);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D. For such other and further relief as may be just and proper.

## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY

### VERIFICATION

I, Daniel B. O'Fallon, hereby certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

_____
DANIEL B. O'FALLON

_____
HARRY V. SATTERWHITE
Attorney for Plaintiff

OF COUNSEL:
SATTERWHITE and ASSOCIATES, L.L.C.
1325 Dauphin Street
Mobile, Alabama 36604
(251) 432-8120
(251) 405-0147 facsimile

### DEFENDANTS TO BE SERVED AS FOLLOWS:

ENCORE RECEIVABLE MANAGEMENT, INC.
C/O CT CORPORATION SYSTEM
645 LAKELAND EAST DRIVE, SUITE 101
FLOWOOD, MS 39232

DISCOVER FINANCIAL SERVICES, L.L.C.
a/k/a DFS SERVICES, L.L.C.
C/O CT CORPORATION SYSTEM
645 LAKELAND EAST DRIVE, SUITE 101
FLOWOOD, MS 39232