IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DANIEL B. O'FALLON, Individually and
on behalf of all others similarly situated**                                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:11-CV-36-KS-MTP**

**ENCORE RECEIVABLE MANAGEMENT,
INC., et al.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court now addresses several motions. For the reasons stated below, Discover's Motion to Compel Arbitration [10] is **granted**, and Encore's Motion to Dismiss or Compel Arbitration [16] is **granted in part**. Therefore, this case is dismissed without prejudice. Discover's Motion to Dismiss [12] and Motion to Stay [14] and Plaintiff's Motion to Amend [21] are **denied as moot**.

## I. BACKGROUND

This matter concerns the arbitrability of claims arising under the Fair Debt Collection Practice Act ("FDCPA").[1] Plaintiff submitted an application for a Discover credit card in October 1997. After approving his application, Discover sent him a credit card and a "Cardmember Agreement." The Agreement included a "CHANGE OF TERMS" provision, which allowed Discover to alter the terms of the agreement by sending written notice at least thirty days before the

---

[1] 15 U.S.C. § 1692, et seq.

1

alteration becomes effective. The Agreement also provided that it was governed by Delaware law.

In September 1999, Discover added an arbitration provision to the Agreement. The notice provided:

> **WE ARE ADDING A NEW ARBITRATION SECTION WHICH PROVIDES THAT IN THE EVENT YOU OR WE ELECT TO RESOLVE ANY CLAIM OR DISPUTE BETWEEN US BY ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. THIS ARBITRATION SECTION WILL NOT APPLY TO LAWSUITS FILED BEFORE THE EFFECTIVE DATE.**

The arbitration provision which was added to the Agreement provided:

> In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account, any prior account you have had with us, your application, the relationships which result from your Account or the enforceability or scope of this arbitration provision, of the Agreement or of any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.
>
> IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. PRE-HEARING DISCOVERY RIGHTS AND POST-HEARING APPEAL RIGHTS WILL BE LIMITED. NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CARDMEMBERS WITH RESPECT TO OTHER ACCOUNTS, OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.

Finally, the notice allowed Plaintiff to opt out of the Agreement if he did not agree with the changes: "If you do not agree to the changes, you must notify us in writing by October 15, 1999 . . . . If you notify us, we will close your Account and you will pay us the balance that you owe us under the current terms of the Agreement. If you do not notify us, the changes set forth in this notice will be effective and will apply to your Account . . . ."

Discover amended the Agreement multiple times over the next several years. However, the

terms of the arbitration provision remained essentially the same. The most current version of the arbitration provision reads as follows:

> **ARBITRATION OF DISPUTES**. In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account, any prior account you have had with us, your application, the relationships which result from your Account or the enforceability or scope of this arbitration provision, of the Agreement or of any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.
>
> IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. PRE-HEARING DISCOVERY RIGHTS AND POST-HEARING APPEAL RIGHTS WILL BE LIMITED. NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CARDMEMBERS WITH RESPECT TO OTHER ACCOUNTS, OR LITIGATE IN COURT OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY ("Class Action Waiver").

Plaintiff filed the present action on February 23, 2011, asserting claims under the FDCPA. Plaintiff alleged that he incurred financial obligations to Discover pursuant to the Agreement described above, and that Encore – on behalf of Discover – attempted to collect that debt in a manner proscribed by the FDCPA. Defendants subsequently filed motions to dismiss the case, or, alternatively, to compel arbitration.

## II. PLAINTIFF'S CLAIMS AS TO DISCOVER

The Federal Arbitration Act provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

3

9 U.S.C. § 2. The Court follows a two-step inquiry to determine whether to compel arbitration. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007). First, the Court determines "whether the parties agreed to arbitrate the dispute." *Id.* To determine whether the parties agreed to arbitrate, the Court considers two factors: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* If the parties agreed to arbitrate the dispute, the Court determines "whether any federal statute or policy renders the claims nonarbitrable." *Id.*

"When a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x 955, 957 (5th Cir. 2007) (punctuation omitted). "[T]he party resisting arbitration bears the burden of proving that the claims at issue" fall outside the scope of the arbitration provision. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

The parties do not dispute that Plaintiff's claims fall within the scope of the arbitration provision. Rather, Plaintiff argues that the arbitration provision is unenforceable. Likewise, it is undisputed that no federal statute or policy renders FDCPA claims nonarbitrable. *See Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 380 (5th Cir. 2008) (reversing district court's denial of motion to compel arbitration of FDCPA claim). Accordingly, the only issue before the Court is whether the arbitration provision in the Agreement is valid and enforceable.

*A.     Choice of Law*

Before the Court determines whether the parties agreed to arbitrate, it must determine what

body of law governs the interpretation of the contract in question. "Generally, principles of state contract law govern the question of whether the parties formed a valid agreement to arbitrate." *Conegie*, 492 F.3d at 598. In his briefing, Plaintiff appears to assume that Mississippi law governs the credit card agreement at issue, while Defendant argues that Delaware law governs.

"A federal court sitting in diversity follows the choice of law rules of the state in which it sits." *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 906 F.2d 158, 167 (5th Cir. 1990). Generally, Mississippi courts "will give effect to an express agreement that the laws of a specified jurisdiction shall govern, particularly where some material element of the contract has a real relation to, or connection with, such jurisdiction." *Williamson Pounders Architects PC v. Tunica Cnty., Miss.*, 597 F.3d 292, 295 (5th Cir. 2010). "This general principle is respected in the absence of anything violating the public policy of the forum jurisdiction." *Id.* (punctuation omitted). The Agreement provides that it shall be governed by Delaware law, and Plaintiff has not identified any reason that applying Delaware law would violate the public policy of the state of Mississippi. Therefore, the Court shall apply Delaware law.

*B.     Statute of Limitations*

Plaintiff advanced several arguments that no valid arbitration agreement existed between the parties here. The first of these arguments concerns the purported application of Mississippi Code Section 15-1-49. However, Mississippi's general statute of limitations has no bearing whatsoever on the enforceability of the Agreement's arbitration provision. Discover's assertion of its right to arbitration under the Agreement is not a "cause of action" under the terms of Section 15-1-49. Even if it were, the cause of action would have accrued when Plaintiff filed his complaint on February 23, 2011. Therefore, Discover would be well within the three-year statute of limitations.

*C.     Unconscionability*

Delaware law allows rescission of contractual clauses that are unconscionable. 6 Del. C. § 2-302(1). "Under Delaware law, a contract is rendered unconscionable if one of the parties lacks meaningful choice and the contract terms unreasonably favor one party over the other." *Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 574 (D. Del. 2009). Mere disparity in bargaining power is not sufficient to support a finding of unconscionability. *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912 (Del. 1989). Rather, the party in the superior bargaining position must have used his power to "take unfair advantage of his weaker counterpart. For a contract clause to be unconscionable, its terms must be so one-sided as to be oppressive." *Id.* (punctuation omitted).

First, Plaintiff argues that the arbitration section of the Agreement is unconscionable because it contained "numerous, complicated and confusing provisions." Plaintiff failed to identify any specific terms or provisions which were complicated or confusing. Therefore, the Court shall disregard this argument. Furthermore, Plaintiff admitted in his affidavit that he "did not read every word of every document in fine print that" Discover sent him. Under Delaware law, "[a] party to a contract cannot silently accept its benefits and then object to its perceived disadvantages, nor can a party's failure to read a contract justify its avoidance." *Id.* at 913.

Next, Plaintiff argues that the arbitration provision is unconscionable because it was "contained in fine print." This is an inaccurate description of the notice provided by Discover. The notice sent in September 1999 contains the following heading in bold typeface: "**Important Information about changes to your Account**." The notice also provided, in bold, capitalized typeface: "**ARBITRATION. WE ARE ADDING A NEW SECTION TO READ AS FOLLOWS . . . .**" The notice then provided the terms of the arbitration provision. The following sentences

within the provision were in capitalized typeface: "IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO HAVE A JURY TRIAL ON THAT CLAIM. PRE-HEARING DISCOVERY RIGHTS AND POST-HEARING APPEAL RIGHTS WILL BE LIMITED." Therefore, the substantive terms of the arbitration provision were no less conspicuous than the other terms of the notice. Indeed, they were *more* conspicuous.

Plaintiff also argues that the arbitration provision was unconscionable because it was "mailed out in bits and pieces over the years." This is an inaccurate statement. According to the evidence in the record, Discover amended the terms of the Agreement – including the arbitration provision – several times over the years. However, as clearly demonstrated by the language quoted above, the substantive terms of the arbitration provision remained the same from start to finish. Regardless, courts applying Delaware law have found that the notice and amendment procedure utilized by Discover provides adequate notice to cardholders. *See Pick v. Discover Fin. Servs., Inc.*, No. 00-935-SLR, 2001 U.S. Dist. LEXIS 15777, at *13 (D. Del. Sept. 28, 2001) (citing other decisions affirming similar notice and amendment procedures).

Next, Plaintiff argues that he did not voluntarily enter the Agreement. Plaintiff failed to explain why his consent to the terms of the Agreement was not voluntary. However, he described the Agreement as a contract of adhesion throughout his briefing. This argument has no merit. "Unequal bargaining power, without more, is insufficient to hold an arbitration agreement unconscionable" under Delaware law. *Wells*, 671 F. Supp. 2d at 574. Plaintiff may also argue that his consent to the arbitration provision was not voluntary because Discover unilaterally changed the Agreement's terms. However, Delaware law allows creditors to unilaterally amend agreements and

7

require account holders to either accept the amendment or opt out and pay the balance due on their account. *Pick*, 2001 U.S. Dist. LEXIS at *14-*15 (citing 5 Del. C. § 952(a), (b)(2), (b)(5)).

Finally, Plaintiff argues that the arbitration provision of the Agreement is oppressive[2] – and, therefore, unconscionable – because it allows Discover to "disregard the Mississippi statute of limitations applicable to its contract, and its relationship to Plaintiff." As explained above, Mississippi's general statute of limitations is wholly irrelevant to this action. Additionally, to the extent Plaintiff argues that the arbitration provision is no longer binding because his Discover account was terminated, the Agreement specifically provides that the arbitration provision survives termination of the account.

For all the reasons stated above, the arbitration provision is valid and enforceable. Discover's Motion to Compel Arbitration [10] is granted.

### III. PLAINTIFF CLAIMS AS TO ENCORE

The Agreement's arbitration section also provides: "[Discover's] rights and obligations under this arbitration provision shall inure to the benefit of and be binding upon . . . any third party named as a co-defendant with us . . . in a claim which is subject to this arbitration provision." Therefore, Encore argues that Plaintiff is required to submit his FDCPA claim to arbitration. In response to this

---

[2]Although Plaintiff has not addressed the specific terms of the arbitration provision, the Court will briefly address them. Simply put, the terms of the arbitration provision are not oppressive. Both parties are bound by it, and either party may invoke it. *See Graham*, 565 A.2d at 912-13. The party who requests arbitration may select the arbitration forum, but both parties must consent to the arbitrator. It is left to the arbitrator to decide who is responsible for paying the arbitration fees, but the Agreement provides that Plaintiff shall only be responsible for such fees as he would have incurred had his claim proceeded in a court action. The arbitrator's decision is binding upon both parties, and both parties have the same limited options for appeal. In summary, the arbitration provision's terms are neither more nor less beneficial to either party. Both have the same obligations and rights thereunder.

argument, Plaintiff asserted the same defenses to enforcement of the arbitration provision which the Court has rejected. Accordingly, Encore's Motion to Compel Arbitration is granted.

### IV. CONCLUSION

In conclusion, Plaintiff does not deny the existence of an agreement to arbitrate between him and Discover. It is undisputed that – despite being provided notice of the arbitration provision – Plaintiff continued his relationship with Discover over the course of several years. "A party to a contract cannot silently accept its benefits and then object to its perceived disadvantages, nor can a party's failure to read a contract justify its avoidance." *Id.* at 913. Plaintiff has not presented any evidence that the arbitration provision is unconscionable. In fact, its terms evenhandedly apply to all parties. Therefore, for all the reasons stated above, the arbitration provision is enforceable, and Plaintiff must submit to arbitration of his claims against Discover. Accordingly, Discover's Motion to Compel Arbitration [10] is **granted**.[3] Moreover, the terms of the arbitration provision extend its protections and obligations to Encore. Therefore, Encore's Motion to Dismiss or Compel Arbitration [16] is **granted in part**.

"[T]he Fifth Circuit encourages district courts to dismiss cases with nothing but arbitrable issues because staying the action serves no purpose." *Id.* Accordingly, this case is dismissed without prejudice. Discover's Motion to Stay [14], Discover's Motion to Dismiss [12], and Plaintiff's

---

[3] Plaintiff briefly argued that the Court should withhold ruling on this issue until the parties have conducted discovery on the issue of arbitrability. However, the Court is not required to accept evidence or permit discovery on the threshold determination of whether a claim is subject to an arbitration provision. *Bell*, 358 F. App'x at 501; *Armstrong*, 242 F. App'x at 959. Such discovery requests should be denied if the information sought is "already within the personal knowledge" of the party seeking it. *Bell*, 358 F. App'x at 501. Plaintiff provided his own affidavit, but he did not deny the facts as alleged by Discover. Accordingly, no discovery is necessary in this case.

Motion to Amend [21] are **denied as moot**.

SO ORDERED AND ADJUDGED this 3rd day of August, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE