IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DANIEL B. O'FALLON, Individually and
on behalf of all others similarly situated**                                **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 2:11-CV-36-KS-MTP**

**ENCORE RECEIVABLE MANAGEMENT,
INC., et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion to Reconsider [32] the applicability of Mississippi's general statute of limitations.

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* It has been the practice in this jurisdiction that motions for reconsideration filed within ten days of the filing of the order to be reconsidered are reviewed under Rule 59(e), and anything filed after that point is considered under Rule 60(b). *Id.* However, the deadline for filing Rule 59(e) motions was increased to twenty-eight days. *See* FED. R. CIV. P. 59(e). Therefore, a motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *See Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011 U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011).

Plaintiff filed his motion on August 10, 2011 – within twenty-eight days of the Court's August 3, 2011, Memorandum Opinion and Order [31] dismissing this case without prejudice.

Therefore, the Court shall review the motion under Rule 59(e).

Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007). The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479. There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Before a litigant files a Rule 59(e) motion based on the third ground, he "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff does not argue that there was an intervening change in the controlling law, and Plaintiff has not provided any new evidence previously unavailable. Rather, Plaintiff merely disagrees with the Court's previous decision. The present motion serves no purpose beyond re-arguing matters the Court has already addressed. Accordingly, it should be denied for that reason

2

alone. *Knight*, 333 F. App'x at 8; *Templet*, 367 F.3d at 478-79; *Atkins*, 130 F.R.D. at 626.

In any case, Plaintiff did not file the present action until February 23, 2011. Therefore, assuming – without deciding – that Plaintiff's reasoning regarding the application of Mississippi's statute of limitations is correct, Defendant's "cause of action" under the arbitration clause would not have accrued until that date. Accordingly, Defendants asserted their right to arbitrate well within the three-year limitations period of Mississippi Code Section 15-1-49.

For all the reasons stated above, Plaintiff's Motion to Reconsider [32] is **denied.**

SO ORDERED AND ADJUDGED this 23rd day of September, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE